# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 23, 2002

## STATE OF TENNESSEE v. BRANDY MCQUEEN

**Direct Appeal from the Criminal Court for Washington County**
**No. 26070     Lynn W. Brown, Judge**

---

**No. E2001-00033-CCA-R3-CD**
**April 17, 2002**

---

The appellant, Brandy McQueen, pled guilty in the Washington County Criminal Court to one count of facilitation of aggravated robbery, one count of contributing to the delinquency of a minor, and one count of driving on a suspended license. The appellant received a total effective sentence of four years incarceration in the Tennessee Department of Correction. On appeal, the appellant asserts that the trial court erred by denying her request to be placed in the community corrections program. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); and David F. Bautista and Jeffery C. Kelly, Johnson City, Tennessee (at trial), for the appellant, Brandy McQueen.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Joe Crumley, District Attorney General; and Victor Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On April 1, 2000, the appellant was driving around with her seventeen-year-old neighbor in the car. During the outing, they met the victim, and the appellant arranged a "date" with him at a nearby motel. While driving to the motel, the appellant and the juvenile agreed that they would ultimately rob the victim instead of the appellant prostituting herself. When the trio arrived at the motel, the juvenile got out of the appellant's car and approached the victim. The juvenile,

while wearing brass knuckles, struck the victim twice in the head.[1] The juvenile took one hundred dollars ($100) from the victim and got back into the passenger seat of the appellant's car. The appellant and the juvenile then drove away but were later apprehended by police. At the time of the offense, the appellant's driver's license was suspended.

Based upon the foregoing facts, the appellant subsequently pled guilty to facilitation of aggravated robbery, contributing to the delinquency of a minor, and driving on a suspended license. She received sentences of four years incarceration for facilitation of aggravated robbery, eleven months and twenty-nine days for contributing to the delinquency of a minor, and six months for driving on a suspended license, with the sentences to run concurrently. The appellant requested placement in the community corrections program, which request the trial court denied. The appellant now appeals.

## II. Analysis

This court reviews challenges to the length, range, or manner of service of a sentence de novo with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is, however, "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Should the record fail to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). Because our review reveals that the trial court adequately considered the sentencing principles and the circumstances of the offense, we will accord the trial court's determinations a presumption of correctness.

Like the trial court, we consider the following factors in conducting our sentencing review: (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the appellant wishes to make in the appellant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § § 40-35-103(5) (1997), -210 (a) (2001 Supp.); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

Nonetheless, if our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Additionally, we note that the appellant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

---

[1] The appellant denied knowing that the juvenile possessed the brass knuckles.

As noted, the appellant argues that she should have been granted placement in the community corrections program. Initially, we note that, because the appellant was convicted of a felony offense against a person, namely facilitation of aggravated robbery, the appellant is ineligible for community corrections under Tenn. Code Ann. § 40-36-106(a) (2001 Supp.).[2] However, the appellant may still qualify for community corrections under Tenn. Code Ann. § 40-36-106(c), which statute provides:

> [f]elony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

As a threshold matter, "[t]o be eligible for community corrections under Tenn. Code Ann. § 40-36-106(c), a defendant must first be eligible for probation under Tenn. Code Ann. § 40-35-303 [(1997)]." State v. Kendrick, 10 S.W.3d 650, 655 (Tenn. Crim. App. 1999). The appellant was convicted of a class C felony and was sentenced as a standard Range I offender to four years incarceration. Because the appellant's sentence was less than eight years, the trial court correctly noted that she is statutorily eligible for probation. See Tenn. Code Ann. § 40-35-303.

The appellant contends that, because of her history of drug use, she has "special needs" and thus falls within the provisions of Tenn. Code Ann. § 40-36-106(c). However, an offender is not automatically entitled to community corrections upon meeting the minimum requirements for eligibility. See State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998); State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the statute provides that the criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible for community corrections. Tenn. Code Ann. § 40-36-106(d). Furthermore, the State may rebut a statutory presumption in favor of alternative sentencing, such as community corrections, by establishing that

---

[2] Tenn. Code Ann. § 40-36-106(a) provides:

> An offender who meets all of the following minimum criteria shall be considered eligible for punishment in the community under the provisions of this chapter:
> (1) Persons who, without this option, would be incarcerated in a correctional institution;
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person. . . ;
> (3) Persons who are convicted of nonviolent felony offenses;
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A)-(C); see also Tenn. Code Ann. § 40-35-106; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997). Moreover, this court has previously found that, in determining an appellant's entitlement to a community corrections sentence,

> the appellant's rehabilitative potential is central in the selection process. Each case must be guided by its individual facts and circumstances. Additionally, given their ability to review the offender's demeanor and characteristics first hand, trial courts are in the best position to ascertain an offender's amenability to a community corrections program. Acknowledging the wide discretion available to trial courts, this court will not disturb a trial court's decision absent a clear abuse of that discretion.

Grigsby, 957 S.W.2d at 547.

The trial court initially noted that the circumstances of the offense weighed against the grant of community corrections because the appellant was a leader in the commission of the offense and she involved a juvenile in the felony offense. The trial court also correctly referenced the appellant's prior misdemeanor criminal history that "weighs against her but with probably less than–than moderate weight, on the slight end of the scale, but still not in her favor."

Additionally, the trial court denied the appellant a sentence of community corrections because the appellant has been granted probation in the recent past and has failed to rehabilitate. Specifically, the trial court noted that the appellant was convicted of attempted forgery in December 1998 and was granted probation; however, in January 1999, the appellant began passing bad checks. See State v. Keen, 996 S.W.2d 842, 845 (Tenn. Crim. App. 1999); State v. Cornelius Starks, No. M1999-00340-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 334, at **13-14 (Nashville, April 20, 2000). The appellant was convicted of the bad check offenses, and a capias was issued for her failure to pay costs. Additionally, the appellant was arrested for driving on a revoked license on March 8, 2000, for which offense she was convicted on April 18, 2000. The trial court was especially concerned because the appellant was instructed to report to an in-patient program at Magnolia Ridge while on bond for the instant offense. However, the appellant failed to report to Magnolia Ridge or to her probation officer. The appellant contended that Magnolia Ridge refused to treat her because she has a history of seizures. Finding this explanation to be plausible, the trial court was nonetheless troubled because the appellant failed to report to her probation officer to arrange alternative treatment. See State v. Darrell Wilson, No. 02C01-9207-CR-00167, 1993 Tenn. Crim. App. LEXIS 734, at *9 (Jackson, October 27, 1993). The trial court specifically stated that

> [s]he has had a drug problem, but instead of getting help which the [presentence] report indicates she has had–has been available to her, she gets more drugs and finally turns to a violent crime to obtain money to buy more illegal drugs. . . . [H]er potential for rehabilitation is quite poor at this point so that this is a determinative factor to be considered, and it weighs very heavily against her.

See State v. Kendall Warren, No. 03C01-9804-CC-00145, 1999 Tenn. Crim. App. LEXIS 125, at *6 (Knoxville, February 10, 1999).

The record supports the trial court's denial of a community corrections sentence due to the appellant's lack of rehabilitative potential, which is evidenced by the fact that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C); see Grigsby, 957 S.W.2d at 547. Accordingly, we conclude that the trial court permissibly denied the appellant community corrections.

### III. Conclusion
Finding no reversible error, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-5-